# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISS CRAWFORD**                                                            **PLAINTIFF**
**#46945**

v.                        No: 4:25-cv-00142-PSH

**KHARI WILLIAMS,** *et al.*                                        **DEFENDANTS**

## ORDER

Before the Court is a letter filed by plaintiff Chriss Crawford seeking a preliminary injunction and temporary restraining order (Doc. No. 41). Crawford's requests are DENIED without prejudice. The Court cannot award injunctive relief without a proper motion.[1] *See* Local Rule 7.2(e), Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas ("Pretrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a *separate pleading accompanied by a separate brief.*") (emphasis added). Crawford did not

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc*., 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

file a separate motion and brief, and more importantly, he provides no specific facts to support his request for injunctive relief. He seeks a transfer to the Arkansas Department of Correction due to "overcrowding and inadequate medical treatment" at the White County Detention Center. Based on these scant allegations, the Court cannot determine if preliminary relief is warranted. To obtain preliminary relief, Crawford must file a proper motion, accompanied by a separate brief, setting forth sufficient factual allegations to support his requests.

    IT IS SO ORDERED this 21st day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE